Brownsville Construction Co., to use, v.
Centerville

*Bloom & Bloom*, for petitioner.
*R. H. Meloy*, for respondent.

HUGHES, J., August 21, 1937.—The plaintiff has filed a petition for the appointment of viewers, setting forth that in the year 1930 the Department of Highways of the Commonwealth of Pennsylvania entered into a negotiation with the Borough of Centerville for the permanent improvement of a road that traversed the Borough of Centerville on one of the streets therein. The improvement required a relocation of a portion of the street, which relocation was wholly within the Borough of Centerville. The Borough Council of Centerville adopted Ordinance no. 52, which approved and established the lines, grades, drainage structures and all other structures appearing on the plans of the Department of Highways of the Commonwealth of Pennsylvania, showing the proposed improvement of the Richeyville-West Pike Run Township Road in the Borough of Centerville. During the summer of 1930 work was begun on the improvement of this highway and was completed on or about February 20, 1931. At that time the Brownsville Construction Company owned the land over which the road went. On October 8, 1930, it deeded the same to George A. and Mary Brown, the petitioners herein, and assigned to them all of its right, title, and interest in and to all damages and claims for damages against the Borough of Centerville by reason of the relocation and construction of said road. The improvement traversed the property of petitioners for a

distance of approximately one hundred and fifty feet, with a width of approximately thirty feet, thereby cutting two of their lots into separate parcels of ground. They have, therefore, asked to have viewers appointed for the purpose of awarding damages or benefits on account of the relocation. To this appointment the borough objects because "The petition on its face reveals that more than six years have elapsed since the adoption of the ordinance approving the street for the laying out and opening of which damages are claimed. The petitioners are therefore barred by the statute under which they claim damages from now asserting their claims."

At the time of this improvement The General Borough Act of May 4, 1927, P. L. 519, was in effect. Section 1601 provided:

"Boroughs may survey, lay out, open, widen, straighten, extend or vacate streets, lanes, alleys, and courts, or parts thereof, without petition of property owners."

It is the claim of the borough that under the right thus vested in it, section 1630, which reads:

"Whenever any borough shall pass an ordinance authorizing the laying out or surveying of any road, street, lane, alley, or court over any private property, the proceedings to open the same, and to assess the damages arising therefrom, shall be had not later than two years from the passage thereof", is the statute of limitations upon the property owners as to the time in which they must bring their action. It would appear, however, that this section is a limitation upon the borough as to the time in which it must proceed to lay out and open the road after the passage of the ordinance, rather than a limitation as to the rights of the property owner.

In Beechwood Improvement Co., Ltd., to use, v. City of Farrell, 20 D. & C. 285, 287, the court states:

"We are of the opinion, therefore, that the Act of 1891 has been repealed so far as it applies to boroughs, and the Act of 1927 contains no statute of limitation applicable to streets wholly within the borough, and that Broadway is

a street wholly within the Borough of Farrell. . . . In the absence of a specific statute of limitation, the presumption is that there is no limitation except the 20-year presumption that it has been paid."

As the petition herein sets forth this street to be wholly within the Borough of Centerville, and an examination of The General Borough Act, supra, discloses no statutory period of limitations of the right of the property owner to petition for viewers to assess damages, the petitioner herein having brought its action on January 22, 1937, has a valid right to proceed with the same.

And now, August 21, 1937, the exceptions to the petition for the appointment of viewers are overruled.